IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-2146-WJM-SKC

QUANG MINH LIEN,

    Plaintiff,

v.

JEFFERSON SESSIONS, Atty. Gen. Of the United States,
JEFFREY LYNCH, ICE Field Director,
JOHN CHOATE, GEO Group Ice Detention Facility, and
KIRSTJEN NIELSN, US Department of Homeland Security,

    Defendants.

---

## ORDER DENYING PRELIMINARY INJUNCTION AND
## DISMISSING HABEAS PETITION IN PART FOR LACK OF JURISDICTION

---

    Petitioner Quang Minh Lien ("Petitioner") filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he asserts that his removal order is void and that his continued detention while awaiting removal is unconstitutional. Currently before the Court is Petitioner Quang Minh Lien's ("Petitioner") Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). (ECF No. 2.) The Court previously denied the request for a temporary restraining order (ECF No. 7), but ordered further briefing on Petitioner's request for a preliminary injunction. The Court now considers whether a preliminary injunction is appropriate.

    As discussed below, Petitioner fails to meet his burden to show why a preliminary injunction is appropriate. The Court thus denies the motion. In addition, the Court dismisses a portion of Petitioner's underlying habeas claim for lack of jurisdiction.

# I. BACKGROUND

Petition is a Vietnamese national. He was lawfully admitted to the United States in February 2002. (ECF No. 11 at 2.) Thereafter, he applied for lawful permanent residence as the spouse of a United States citizen. (*Id.*) However, the marriage dissolved, his then-wife's affidavit withdrawn, and his application denied on October 22, 2003. (*Id.*; ECF No. 11-1 at 6.)

U.S. Immigration and Customs Enforcement ("ICE") initiated removal proceedings on the grounds that Petitioner was inadmissible for failing to meet the requirements for family-sponsored immigrants under 8 U.S.C. § 1182(a)(4)(C). (ECF No. 11 at 2.) On June 14, 2004, the Government issued a notice to appear but failed to include a time or date in the notice. Petitioner did not appear in response to the notice to appear, and was ordered removed in absentia in October 2006. (*Id.*)

In December 2006, Petitioner filed a motion to reopen. His removal proceedings were reopened, and Petitioner received a new notice of hearing that scheduled further proceedings for April 11, 2007. (*Id.*) The hearing was continued several times. Eventually, in October 2007, Petitioner was found inadmissible. (*Id.*) The Immigration Court granted his application for voluntary departure by December 6, 2010, with an alternative order of removal to Vietnam. (ECF No. 11-1 at 35.) Petitioner appealed the Immigration Court's decision to the Board of Immigration Appeals to no avail. (ECF No. 11 at 2.) In December 2012, Petitioner became subject to an administratively final order of removal. (*Id.* at 2–3.)

ICE granted Petitioner a series of one-year discretionary stays of removal from

2013 to 2018.  (*Id.* at 3.)  Petitioner's most recent discretionary stay ended on March 28, 2018, and ICE took Petitioner into custody at that time.  (*Id.*; ECF No. 11-1 at 40.)  In June 2018, ICE reviewed Petitioner's post-removal order detention status, as required by law, and decided to continue his detention because it found a "significant likelihood of removal in the reasonably foreseeable future."  (ECF No. 11-1 at 42.)  Petitioner remains detained.

In an affidavit, an ICE officer stated that ICE submitted a request for travel documents from the Vietnamese government on April 20, 2018, which is needed in order to remove the Petitioner. (ECF No. 11-1 at 4.)  In May 2018, the Vietnamese Consulate requested that ICE provide a Vietnamese translation of documents in English, which ICE provided.  (*Id.*)  ICE has apparently asked the Vietnamese Consulate for a status update six times between April 25 and August 30, 2018.  (*Id.*)  The government of Vietnam has not yet issued a travel document for Petitioner.  (ECF No. 11 at 3.)  In Fiscal Years 2016 and 2017, ICE removed 35 and 71 Vietnamese citizens, respectively.  (ECF No. 11-1 at 59.)

Petitioner remarried Dieu Vo, a Vietnamese national, with whom he has three children, all U.S. citizens by birth.[1]  (ECF No. 2-1 at 4.)  Ms. Vo suffers from anemia and is "greatly dependent on her husband" as a result of her condition.  (ECF No. 2 at 3.)  Petitioner's son Keaden has autism and son Kenny has severe autism, and Petitioner is

---

[1] The Court notes that Petitioner previously filed a habeas petition that was dismissed without prejudice because it was unripe.  *Lien v. Sessions*, No. 18-cv-878 (D. Colo. June 6, 2018), ECF No. 33.  In that case, Petitioner set out a number of facts which are not included in his current case.  Rather, Petitioner states that he "incorporates . . . all of the facts and circumstances, supporting arguments and documentation" previously submitted.  (ECF No. 1-1 at 2.)  These facts are drawn as much as possible from the case actually before the Court.

the primary caregiver for Kenny. (*Id.*; ECF No. 1-2 at 12; ECF No. 2-1 at 8.) Ms. Vo has difficulty providing care for Kenny because of his severe autism, potential for violence, and her anemia. (ECF No. 2-1 at 4.) Petitioner owns a nail salon business, which he has been unable to run while in the detention center, causing employees to leave. (*Id.* at 4, 6.) Petitioner has requested time to sell his home and business before being deported to Vietnam. (ECF No. 2 at 2.)

Petitioner filed a petition for habeas corpus and motion for a temporary restraining order in April 2018 challenging his detention. *See Lien v. Sessions*, No. 18-cv-878 (D. Colo. filed Apr. 13, 2018), ECF Nos. 1, 8. The court denied his petition as unripe because he had not been detained for six months. *Id.* at ECF No. 33. Petitioner filed this new action and his instant habeas petition and Motion on August 22, 2018. (ECF Nos. 1, 2.) The Court has previously denied that portion of the Motion seeking a temporary restraining order, and ordered further briefing on the preliminary injunction request. (ECF No. 7.)

## II. SUBJECT MATTER JURISDICTION

Petitioner's habeas claim challenges his detention pending removal on two grounds: (1) Petitioner's removal order is void under the recent Supreme Court decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018); and (2) Petitioner may not be detained indefinitely while awaiting removal. (ECF No. 1-1 at 2–7.) Petitioner reiterates these arguments in his Motion. (ECF No. 2 at 5–6.) Defendants spend a significant portion of their response arguing that Petitioner cannot succeed on the merits of his *Pereira* argument. (ECF No. 11 at 6–13.) Before addressing the merits of Defendants'

arguments, the Court must first address a simpler issue: whether it has subject matter jurisdiction to adjudicate a challenge to Petitioner's underlying removal order. Surprisingly, Defendants fail to raise the issue of jurisdiction at all in their response, instead focusing on the merits of Petitioner's arguments. This is all the more surprising because Defendants allege that the Court lacks jurisdiction to review a discretionary decision and explicitly recognizes that Petitioner is "challenging his detention per se." (ECF No. 11 at 13.) Despite Defendants' failure to raise jurisdiction as an issue, the Court may raise subject matter jurisdiction *sua sponte* at any point in the proceeding. *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).

Petitioner's challenge to his order of removal must fail before this Court because the Court lacks jurisdiction to adjudicate a challenge to the underlying removal order. "Federal courts are courts of limited jurisdiction," possessing only the power authorized by Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Under the Federal Rules of Civil Procedure, if a court determines that it lacks subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

Judicial review of final orders of removal is governed by 8 U.S.C. § 1252. The REAL ID Act of 2005, which amended Section 1252, curtailed habeas review by shifting "certain immigration disputes formerly raised through habeas corpus in the district courts to the courts of appeals and converted them into petitions for review." *Hem v. Maurer*, 458 F.3d 1185, 1188 n.3 (10th Cir. 2006). Subsection 1252(a)(5), titled "Exclusive Means of Review," now provides

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision . . . a petition for review filed with

> an appropriate court of appeals in accordance with this section **shall be the sole and exclusive means for judicial review** of an order of removal entered or issued under any provision of this chapter . . . . For purposes of this chapter, every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review.

8 U.S.C. §1252(a)(5) (emphasis added).

A district court thus maintains the ability to review a habeas petition challenging detention, but lacks jurisdiction over a petition challenging a final order of removal. *Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006). When a habeas challenge to detention is grounded in the merits of the underlying removal order, a district court lacks jurisdiction to hear the claim. *Id.* (finding a district court lacked jurisdiction to decide a habeas petition premised on challenging an order of removal and converting that portion of a habeas petition into a petition for review before the circuit court); *see also Essuman v. Gonzales*, 203 Fed. Appx 204, 211–12 (10th Cir. 2006) (stating that district court properly transferred a habeas petition to the circuit court where petitioner's challenge to detention was "grounded in the removal order rather than based on some inherent problem with the detention itself").

Petitioner's habeas petition challenges the validity of his removal order as a basis for contesting his detention. (ECF No. 1-1 at 2 ("The Removal Order is Void").) Whatever the merits of this claim—and as Petitioner concedes in his reply, the merits of such a claim may be limited (*see* ECF No. 16 at 2)—this Court, as a federal district court, lacks jurisdiction to decide whether the removal order is valid. *See Ferry*, 457 F.3d at 1131. Therefore, the Court will *sua sponte* dismiss that portion of Petitioner's

habeas petition (ECF No. 1) which is premised on the alleged infirmities of his removal order.

### III. LEGAL STANDARD FOR PRELIMINARY INJUNCTION

A preliminary injunction is an extraordinary remedy; accordingly, the right to relief must be clear and unequivocal. *See, e.g.*, *Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010). To meet this burden, a party seeking a preliminary injunction must show: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and that (4) the injunction would not adversely affect the public interest. *See, e.g.*, *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).

If the injunction will (1) alter the status quo, (2) mandate action by the defendant, or (3) afford the movant all the relief that it could recover at the conclusion of a full trial on the merits, the Tenth Circuit has held the movant must meet a heightened burden. *See O Centro Espirita Beneficiente Uniao do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir.2004) (*en banc*). Under those circumstances, the proposed injunction "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course" and "a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Id*.

### IV. ANALYSIS

The Court finds that it need only address the likelihood of success element. *See Northglenn Gunther Toody's, LLC v. HQ8-10410-10450 Melody Lane, LLC*, 2016 WL

7

6569099, at *3 (D. Colo. Nov. 4, 2016), *aff'd*, 702 F. App'x 702 (10th Cir. 2017). Here, Petitioner seeks an injunction mandating his relief, which would require an affirmative act by Defendants. *See O Centro Espirita*, 389 F.3d at 975. Therefore, Petitioner must meet the heightened burden, including a "strong showing" of likelihood of success on the merits. *See id.* Petitioner has not made that showing.

Petitioner argues that he is likely to succeed on the merits for three separate reasons. First, he argues that his underlying removal order is void under *Pereira*. As discussed above, the Court does not have jurisdiction to review such a claim, and therefore Petitioner's habeas petition cannot succeed on this basis before the district court. Second, Petitioner raises in his Motion for the first time an argument that Defendants should be required to explain its reason for denying another year-long stay of removal. (ECF No. 2 at 6.) This argument was not raised as a basis for relief in the habeas petition. It is axiomatic that a person has no likelihood of success on the merits for a theory of relief not pled. Thus, Petitioner's second argument cannot form the basis for a "likelihood of success on the merits."

Finally, Petitioner argues that he is likely to succeed on his habeas claim because he has been in detention beyond 90 days (and later, beyond six months) in violation of his due process rights. Under 8 U.S.C. § 1231(a)(6), the Government may detain certain noncitizens under an order of removal, pending removal to another country. The statute contemplates removal within a period of 90 days, though an individual may be detained beyond the initial "removal period." *Id.* The Supreme Court has ruled that detention pursuant to a final order of removal is presumptively

reasonable for a six month period. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *Clark v. Martinez*, 542 U.S. 373 (2005) (applying the presumptively valid six-month to inadmissible aliens).[2]

After this six-month period, a detainee may provide "good reason to believe that these is no significant likelihood of removal in the reasonably foreseeable future," to which the Government must respond "with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. The plain fact that an individual is detained longer than six months "does not mean he must now be released." *Abiodun v. Mukasey*, 264 F. Appx. 726, 729 (10th Cir. 2008). Petitioners arguing for release have the burden to demonstrate that removal is not reasonably foreseeable. *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1123 (10th Cir. 2005). For example, one petitioner met his burden by demonstrating that removal to Cuba was not feasible because of a total lack of repatriation negotiations with Cuba. *Id.*

Petitioner fails to demonstrate a likelihood of success on the merits. Petitioner does not provide any basis for his own conclusion that he is "unlikely to be deported to Vietnam. (*See* ECF No. 2 at 6.) In his Motion, Petitioner merely states the following to support his contention that there is "no significant likelihood of removal in the reasonably foreseeable future":

---

[2] Petitioner filed his habeas petition before the expiration of the presumptively reasonable six-month period. Petitioner's detention was presumptively valid until September 24, 2018. (ECF No. 11 at 5.) While Petitioner's claim was not ripe when filed, it is now ripe. The alternative would be to dismiss the petition, only for Petitioner to re-file and pay another court-filing fee. While pleading claims for relief prematurely is disfavored, the Court will not force Petitioner to re-file at this juncture.

- "Deportation to Vietnam has been very problematic for the government." (ECF No. 2 at 2);
- "The government . . . indicated that it has deported 71 people to Vietnam in the last year. . . . [and] there is still evidently no indication that travel documents are forthcoming in the near future." (*Id.*);
- "[Petitioner] is unlikely to be deported to Vietnam." (*Id.* at 6.); and
- "[D]eporting people to Vietnam still seems to be problematic." (*Id.*)

These statements are counsel argument only. They are wholly unsupported by any credible evidence in the record, and as such these conclusory allegations are not "good reason[s]" to believe that Petitioner will not be removed in the reasonable foreseeable future. *Abdullahi v. Adducci*, 2016 WL 6662557, at *3 (W.D. Mich. Sept. 1, 2016), *report and recommendation adopted*, 2016 WL 6650131 (W.D. Mich. Nov. 10, 2016) ("unsubstantiated doubts about the issuance of the travel document" is not evidence that supports "good reason to believe" that removal in the foreseeable future is unlikely); *Joseph v. United States*, 127 F. App'x 79, 81 (3d Cir. 2005) (holding that unsubstantiated claims are insufficient to provide "good reason"). To the contrary, some evidence cited by Petitioner shows that the Government is indeed able to deport people to Vietnam. (ECF No. 11-1 at 59.) *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (finding removal is reasonably foreseeable "although a precise end-date to [petitioner's] removal cannot be pinpointed, . . . [R]emoval proceedings continue . . . [and] there is no indication that [petitioner] is unremovable, whether it be for lack of a repatriation agreement or because his designated country will not accept him.").

Moreover, in his reply in support of the Motion, Petitioner improperly interprets his burden under *Zadvydas* and argues that it is the *Government* which has the burden to show that Petitioner will be removed in the reasonably foreseeable future. (ECF No. 16 at 2 ("Thus, the government must show a high probability or great odds that it will obtain a travel document and remove the petitioner.").) Petitioner then criticizes the Government for failing to meet its burden. (*Id.* at 2–3.) Petitioner's argument is grounded on a demonstrably false premise, and is rejected.

Finally, Petitioner also argues that "the fact that the government failed [to obtain travel documents] in the last 90 days" satisfies his burden. This is not so. As has been already noted, continued detention alone cannot satisfy Petitioner's burden. *See Abiodun*, 264 F. Appx. at 729. In sum, there has been no showing by Petitioner, supported by credible evidence in the record, that there is no significant likelihood of his removal in the reasonably foreseeable future. As a consequence the Court has no option but to conclude that Petitioner has not demonstrated that he is likely to succeed on the merits, much less that he has made a "strong showing" of such likely success. *O Centro Espirita*, 389 F.3d at 975. The Petitioner's Motion for Preliminary Injunction will therefore be denied.

## V. CONCLUSION

For the reasons set forth above, the Court hereby ORDERS as follows:

(1) Petitioner's habeas petition (ECF No. 1) is DISMISSED IN PART WITHOUT PREJUDICE for lack of subject matter jurisdiction, to the extent that it challenges Petitioner's underlying removal order;

(2) That portion of Petitioner's Motion which seeks a Preliminary Injunction (ECF No. 2) is DENIED; and

(3) No later than **October 10, 2018** counsel shall contact the Chambers of U.S. Magistrate Judge S. Kato Crews in order to set a Scheduling Conference in this case, and such further proceedings as Judge Crews deems appropriate.

Dated this 5th day of October, 2018.

BY THE COURT:

_____
William J. Martínez
United States District Judge